**Willie Gene RUFF, Plaintiff—Appellant,**

v.

**James GOMES; et al., Defendants—Appellees.**

No. 02–16416.

D.C. No. CV–97–06105–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Willie Anthony Ruff appeals pro se the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action, alleging defendants denied him access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals on statute of limitations grounds, *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and we vacate and remand.

Previously, we reversed the district court's holding that the action was time-barred as to defendants Mason and Hill, and remanded the matter for consideration of whether Ruff met the requirements for equitable tolling. At that time, we ex-

pressed no opinion as to whether Ruff was required to exhaust administrative remedies. The Supreme Court has since held that the Prison Litigation Reform Act requires prisoners to exhaust administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Here, Ruff alleged that he exhausted prison grievance procedures on March 3, 1995. Under California law, he had three years from that date to file his section 1983 claim. *See* Cal. Civ. Pro.Code §§ 340(3), 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir.2000) (applying both California's personal injury one-year statute of limitation and two-year tolling provision under section 352.1(a)). Because Ruff filed his section 1983 complaint on November 12, 1997, within the applicable statute of limitations period, we vacate the district court judgment and remand for further proceedings.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.